IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD THOMPSON                                                                                    PLAINTIFF

vs.                                             Civil No. 6:08-cv-06002

MICHAEL J. ASTRUE                                                                                   DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

      Richard Thompson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 4).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff protectively filed his application for SSI on July 7, 2005.[2] (Tr. 123-126, 131). Plaintiff alleged he was disabled due to "problems with legs and back," high blood pressure, and diabetes. (Tr. 175). Plaintiff alleged an onset date of June 29, 2005. (Tr. 123). This application was

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

[2] The record indicates that Plaintiff also filed an application for Disability Insurance Benefits ("DIB"). (Tr. 127-128). The ALJ, however, did not evaluate this application in his opinion. (Tr. 12-19). Therefore, this Court will not address this application. Furthermore, the record indicates that Plaintiff previously filed an application for SSI on February 27, 2003. (Tr. 48-50). This application is not before this Court. (Tr. 12). Therefore, it will not be addressed in this opinion.

1

initially denied on September 7, 2005 and was denied again on reconsideration on November 18, 2005. (Tr. 109-110).

On November 28, 2005, Plaintiff requested an administrative hearing on his application. (Tr. 26). The hearing was held on March 8, 2007 in Hot Springs, Arkansas. (Tr. 228-253). Plaintiff was present and was represented by counsel, Hans Pullen, at this hearing. *See id.* Only Plaintiff testified at this hearing.[3] *See id.* On the date of this hearing, Plaintiff was forty-four (44) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed the eleventh grade in school. (Tr. 231, 234).

On May 10, 2007, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 12-19). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 29, 2005, his alleged onset date. (Tr. 14, Finding 1). The ALJ determined Plaintiff had the following severe impairments: a history of poorly controlled hypertension, a history of poorly controlled non-insulin dependent diabetes, a history of mild degenerative spurring at L5-S1 with otherwise unremarkable diagnostic findings in the lumbar spine, a history of diagnostic evidence of osteoarthritis of the right knee, a history of glaucoma, and a history of obesity. (Tr. 14, Finding 2). The ALJ also determined, however, that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 3).

In this decision, the ALJ also evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 15-18, Finding 4). First, the ALJ discounted Plaintiff's

---

[3] Vocational Expert ("VE") Nancy Hughes was present at the hearing but did not testify. (Tr. 228-253).

2

subjective complaints. (Tr. 15-18). The ALJ noted the following: "After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible." (Tr. 17). After discounting those subjective complaints, the ALJ evaluated the other evidence in the record and determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift-carry and/or push-pull up to 10 pounds occasionally, with the ability to sit at least 6 hours in an 8-hour workday and the ability to stand and/or walk up to a total of at least 2 hours in an 8-hour workday.

(Tr. 17-21, Finding 5).

The ALJ then determined that Plaintiff would be unable to perform any of his Past Relevant Work ("PRW") but would be able to perform other work existing in significant numbers in the national economy. (Tr. 18-19, Findings 5, 8). Plaintiff's PRW included work as a cook and restaurant table "bus boy." (Tr. 18, Finding 5). After reviewing his RFC, the ALJ determined that Plaintiff's RFC precluded him from performing any of this PRW. *See id.* However, the ALJ also determined that Plaintiff could perform other work existing in significant numbers in the national economy. (Tr. 19, Finding 9). The ALJ based this determination upon the Medical-Vocational Guidelines or the "Grids." *See id.* Specifically, the ALJ found, based upon Plaintiff's age, education, work experience, and RFC, that Plaintiff was "not disabled" under Rule 201.23 through 201.26 of the Grids. *See id.* Then, the ALJ determined that Plaintiff had not been under a "disability," as defined by the Act, since July 7, 2005, the date the application was filed. (Tr. 19, Finding 10).

On June 4, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable

3

decision. (Tr. 8). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable determination. (Tr. 5-7). On January 14, 2008, Plaintiff filed the present appeal. (Doc. No. 1). The parties consented to the jurisdiction of this Court on January 23, 2008. (Doc. No. 4). Both parties have filed appeal briefs. (Doc. Nos. 7-8). This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

4

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ's disability determination is not supported by substantial evidence in the record; (2) the ALJ erred by concluding that Plaintiff did not have any impairments or combination of impairments which significantly limited his capacity for the performance of basic work-related activities; and (3) the ALJ erred by failing to obtain vocational testimony regarding Plaintiff's ability to perform basic work activity within his limited education, non-transferrable skills, and RFC. (Doc. No. 7, Pages 1-18).  In response, Defendant claims that Plaintiff did not carry his burden of demonstrating that he satisfied

a listed impairment, that the ALJ properly discredited Plaintiff's subjective complaints and assessed his RFC, and that the ALJ properly determined there were a significant number of jobs existing in the national economy that Plaintiff could perform. (Doc. No. 8, Pages 4-14). Because this Court finds the ALJ did not properly evaluate all the evidence presented, this Court will only evaluate Plaintiff's first argument.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should also consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The plaintiff has the burden of producing documents to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

In the present action, the ALJ did not fully consider all of Plaintiff's medical records that were included in the transcript. Specifically, the ALJ did not consider any of Plaintiff's medical records dated after November of 2005 and even found that Plaintiff had not been to the doctor since that date: "Further, there is no evidence to show the claimant has maintained regular or continued medical follow-up care through CCMC, or any other medical care provider *after November 2005*, despite clear evidence of the availability of and access to charitable medical services without financial expense to the claimant." (Tr. 18) (emphasis added). This determination is incorrect. From November 8, 2005 until September 5, 2006, Plaintiff was treated at the Charitable Christian

6

Medical Clinic for several different impairments. (Tr. 212-227). Notably, on July 26, 2006, Plaintiff was found to suffer from *severe osteoarthritis* in his right knee. (Tr. 222).

On remand, the ALJ should consider this record dated July 26, 2006 and the other medical records dated after November of 2005 in order to determine whether Plaintiff is disabled. On remand, after reviewing those records, the ALJ should also further evaluate Plaintiff's impairments in order to determine whether Plaintiff's RFC is limited by a nonexertional impairment and whether the testimony of a vocational expert is required. In the present action, the ALJ relied exclusively on the Grids, even though Plaintiff's medical records indicate that his RFC is limited by the nonexertional impairment of pain. *See Beckley v. Apfel,* 152 F.3d 1056, 1059-60 (8th Cir. 1998) (holding that the ALJ cannot rely exclusively on the Grids where the claimant is unable to perform the full range of work in a particular category due to a nonexertional impairment). This may have been in error. *See id.* On remand, after reviewing the records dated after November 8, 2005, the ALJ should re-evaluate this finding.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 18th day of December, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

7